AFFILIATED HOSPITAL PRODUCTS, INC., *et al.*, Plaintiffs-Appellees, *v.* BRIAN BALDWIN *et al.*, Defendants-Appellants.

First District (3rd Division)    No. 79-329

Opinion filed December 5, 1979.

James B. Sloan and Michael P. Connelly, both of Sloan and Connelly, and Michael W. Ford, Randall L. Mitchell, and Mark P. Cohen, all of Chapman and Cutler, both of Chicago, for appellants.

Ronald Wilder, Roger L. Price, and James E. Lackner, all of Chicago (Aaron, Aaron, Schimberg & Hess, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Affiliated Hospital Products, Inc., and MPL, Inc., brought this action in the circuit court of Cook County asking injunctive and other relief from defendants. MPL filed a motion for a preliminary injunction seeking to restrain defendants from manufacturing and shipping hypodermic needle machines which MPL charged were designed and built utilizing plaintiffs' trade secrets. After a prolonged evidentiary hearing, the trial court found that plaintiffs did possess trade secrets. The court concluded, however, that defendants had not utilized or copied this confidential information in manufacturing their machines, and the court denied MPL's motion for a preliminary injunction. Plaintiffs brought an interlocutory appeal, contending that the denial of a preliminary

injunction was an abuse of the trial court's discretion. This court held that plaintiffs possessed trade secrets, that defendants had misappropriated them, and that plaintiffs were entitled to a preliminary injunction. (*Affiliated Hospital Products, Inc. v. Baldwin* (1978), 57 Ill. App. 3d 800, 373 N.E.2d 1000.) Upon remand, the trial court granted a preliminary injunction against the use and shipment of the machines. Defendants bring this interlocutory appeal, contending that the preliminary injunction is excessive in scope and duration, and that the trial court erred in not requiring plaintiffs to post a bond as a condition precedent to the entry of the preliminary injunction. Since the facts are fully set forth in the earlier opinion, there is no need to restate them.

■■ Defendants maintain that the preliminary injunction is excessive in scope and duration. As to scope, they argue that, after we remanded the cause, the trial court should have conducted a detailed, evidentiary hearing to determine which components of the machine were products of the MPL drawings and then limit the injunctive relief to those components. Defendants contend that many components, and in fact, whole machines were not even arguably the product of MPL drawings. Relying on *ILG Industries, Inc. v. Scott* (1971), 49 Ill. 2d 88, 273 N.E.2d 393, plaintiffs counter that the trial court could not be expected to take a "bits and pieces" approach and attempt to enforce a preliminary injunction of narrower scope. Plaintiffs argue that because defendants' machines were derived in whole, or at the very least substantially, from MPL's plans and trade secrets, it would be an insurmountable task to determine which parts came from MPL and which, if any, came through independent means.

In our view, this stage of the proceedings is an inappropriate time to attempt to modify or alter the scope of the injunction. When the trial on the permanent injunction begins, defendant will be able to offer evidence in its attempt to distinguish between items developed from MPL drawings and trade secrets and those which had been developed by defendants' own expertise. At the same time, plaintiffs will have their opportunity to demonstrate that the plans and trade secrets used by defendants constituted integral, nonseparable parts of MPL's machinery.

■■ Likewise, the trial court did not err in refusing to place a time limit on the duration of the preliminary injunction. Defendants insist that they have been restrained for a period of time longer than it would have taken defendant, Brian Baldwin, former president of MPL, to design the machinery independently. The matter of limitation to the duration of the injunction, or of its permanency as plaintiffs urge, is also a matter which can be properly determined by the trial court at the trial on the permanent injunction. (In that regard, we note that this action was filed in 1975. After the first interlocutory appeal was completed, the preliminary

injunction was issued in January, 1979. It would appear that the trial on the permanent injunction could and should proceed forthwith.)

Defendants agree that if the issuance of the preliminary injunction was proper, the trial court did not err in holding that plaintiffs were not required to post a bond. Accordingly, in view of our holding, it is unnecessary to consider that issue.

For the reasons stated, the order of the circuit court of Cook County granting a preliminary injunction in favor of plaintiffs is affirmed.

Order affirmed.

SIMON, P. J., and McGILLICUDDY, J., concur.